UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __21-MJ-02556-TORRES__

UNITED STATES OF AMERICA

vs.

ANDY JOSE PAZ VILCHEZ,
HENRI MOTA CORDONES, and
RAMON ALBERTO CARABALLO-RODRIGUEZ,

     **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013?     Yes    X  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014?     Yes    X  No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019?     Yes    X  No

4. Did this matter originate from a matter pending in the Southern Region of the United States Attorney's Office prior to November 23, 2020 (Judge Aileen M. Cannon)? __ Yes  X No

                                          Respectfully submitted,

                                          ARIANA FAJARDO ORSHAN
                                          UNITED STATES ATTORNEY

By: _____
                                          RICHARD E. GETCHELL
                                          ASSISTANT UNITED STATES ATTORNEY
                                          FLA. BAR NO. 817643
                                          11200 N.W. 20th Street
                                          Miami, Florida 33172
                                          (305) 715-7647 (office)
                                          (786) 564-9126 (cell)
                                          Email: richard.getchell@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ANDY JOSE PAZ VILCHEZ,<br>HENRI MOTA CARDONES, and<br>RAMON ALBERTO<br>CARABALLO-RODRIGUEZ,<br>*Defendant(s)* | Case No. 21-MJ-02556-TORRES |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about ___March 13, 2021___, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). |
| | Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
ID TF10427
*Complainant's signature*

DEA TFO Marcelino Mariabello
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this ___th day of March 2021.

Date: 03/25/2021

City and state: Miami, Florida

_____
*Judge's signature*

Edwin G. Torres, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Marcelino Mariabello, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a detective with the City of Sunny Isles Beach Police Department and have served in this capacity since February 2008. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2017. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and

belief. Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

3. This Affidavit is submitted for the limited purpose of establishing probable cause that ANDY JOSE PAZ VILCHEZ ("VILCHEZ"), HENRI MOTA CORDONES ("CORDONES"), and RAMON ALBERTO CARABALLO-RODRIGUEZ ("CARABALLO-RODRIGUEZ"), did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**PROBABLE CAUSE**

4. On March 13, 2020, while on patrol in the area of the Atlantic Ocean, a Dominican Republic maritime patrol aircraft ("MPA") detected a go-fast vessel ("GFV") operating approximately 50 nautical miles south of San Pedro de Macoris, Dominican Republic. Members onboard the MPA observed the GFV was equipped with two outboard engines, multiple barrels of fuel and packages on the deck consistent with maritime drug smuggling. The USS WHICHITA with its embarked LEDET 402 was patrolling nearby and diverted to intercept the GFV.

5. Upon arrival, the USS WHICHITA launched its aircraft ("VOODOO"); The GFV had no indicia of nationality. Suspecting the GFV of smuggling drugs, authorization was given to employ Airborne Use of Force ("AUF") including warning shots and disabling fire in order to gain compliance. Once warning shots were dispersed, persons on board the GFV began jettisoning bale-sized packages into the open waters as the GFV attempted to flee the area.

2

Members onboard the VOODOO video-recorded and witnessed the location of the jettison field. The jettison field's coordinates were relayed to the USS WHICHITA for future evidence recovery.

6. Once the GFV was dead in the water law enforcement from the USS WHICHITA arrived and completed a right of visit boarding of the GFV. There were three individuals on board, who were later identified as VILCHEZ, a Venezuelan national, CORDONES, a Dominican national, and CARABALLO-RODRIGUEZ, a Dominican national. When asked, no one claimed to be the master or person in charge and all persons refused to make a claim of nationality for the vessel or themselves. With no claim of nationality or indicia of nationality, authorization was granted to treat the vessel as one without nationality and, therefore, subject to the jurisdiction of the United States.

7. A search of the jettison field, which was located less than 1000 yards from the GFV resulted in the recovery of 20 bales. NIK test of these bales yielded positive results for the presence of cocaine. Based on my training and experience, bale-sized packages transported by narcotics traffickers using GFVs usually contain more than five (5) kilograms of narcotics.

8. A full law enforcement boarding was conducted, and a search of the GFV for narcotics yielded negative results. An IONSCAN, which is a system used for the detection and identification of trace amounts of narcotics, was also done on the GFV and yielded positive results for cocaine. Additionally, IONSCANs of VILCHEZ, CORDONE, and CARABALLO-RODRIGUEZ tested positive for cocaine.

9. VILCHEZ, CORDONE, and CARABALLO-RODRIGUEZ were detained and transferred to a United States Coast Guard Cutter. The USCG arrived with VILCHEZ,

3

CORDONE, and CARABALLO-RODRIGUEZ on board on March 25, 2021 in the Southern District of Florida.

## CONCLUSION

10. Based upon the information provided above, I respectfully submit that probable cause exists to believe that VILCHEZ, CORDONE, and CARABALLO-RODRIGUEZ did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT

_____
MARCELINO MARIABELLO
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this 25th day of March, 2021.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4